ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2007 NOV 20 AM 9: 26

DUBLIN DIVISION

CLERK _L̲_ _Jebstere̲_
SO. DIST. OF GA.

| | | |
|---|---|---|
| PAUL TYNER; BRIAN PATRICK MALVERDI d/b/a Brian P. Malverty; BRADFORD LEE BAGLEY; and THE ENTIRE CLASS OF SIMILARLY SITUATED PLAINTIFFS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 307-075 |
| JAMES DONALD, Commissioner; MR. WASHINGTON, Warden; MS. COOPER, Prison Guard; MS. MCCLAUGHLIN, Prison Guard; MS. THOMLIN, Prison Guard; MS. AKINS, Prison Guard; MS. DIXON, Prison Guard; MS. MIMMS, Prison Guard; MS. FULMORE, Prison Guard; MS. MADDOX, Prison Guard; MS. EVANS, Prison Guard; and THE GEORGIA DEPARTMENT OF CORRECTIONS, and their rules and regulations, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiffs Paul Tyner, Brian Patrick Malverdi, and Bradford Lee Bagley, inmates at

Johnson State Prison in Wrightsville, Georgia, have submitted to the Court for filing a

complaint brought pursuant to 42 U.S.C. § 1983. Plaintiffs are *pro se* and seek leave to

proceed *in forma pauperis* ("IFP"). (Doc. nos. 4-6). For the reasons set forth below, the

Court **REPORTS** and **RECOMMENDS** that the above-captioned case be **DISMISSED**

without prejudice so that Plaintiffs may pursue their claims individually.

## I. BACKGROUND

Plaintiffs allege that female correctional officers ("Officers") are assigned to male inmate housing units at most prisons and during all shifts. (Doc. no. 1, p. 8). According to Plaintiffs, Officers monitor them, and other similarly situated inmates, in various states of nudity while they shower and use the toilet. (Id. 8-10). Plaintiffs contend that Officers sometimes "pat search" prisoners and "karate chop them in the groin." (Id. at 8). Plaintiffs maintain that Officers threaten to issue disciplinary reports to inmates, who attempt to shield their nudity by placing paper in their cell windows. (Id. at 9-10). Plaintiffs aver that their class action is brought on behalf of themselves and "the entire class of similarly situated plaintiffs." (See id. at 5). The three named Plaintiffs have signed the complaint (id. at 15) and have each filed motions for leave to proceed IFP. (Doc. nos. 4-6).

## II. DISCUSSION

The Eleventh Circuit Court of Appeals has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'"

2

Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Allowing multiple prisoners to bring complaints in a single lawsuit would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). In the end, the Eleventh Circuit determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance."[1] Id.

In this case, Plaintiffs are in a position similar to the plaintiffs in Hubbard. Allowing them to proceed IFP together in this action would presumably permit them to divide the filing fee between themselves and defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). In other words, Plaintiffs, as incarcerated litigants desiring to proceed IFP, must abide by the parameters of the PLRA. To honor

---

[1]Specifically, the Eleventh Circuit affirmed the following procedure:

> The district court never reached the merits of the case, but instead dismissed the case, finding that each plaintiff had to file a separate complaint and pay a separate filing fee. To facilitate its ruling, the district court indicated that it would open a new suit with a separate number in each of the plaintiff's names and consider the original complaint to be their complaints. The majority of the 18 plaintiffs had already filed separate petitions to proceed IFP. The court directed each of the remaining plaintiffs to file his own form complaint and petition to proceed IFP. The court then dismissed the original multi-plaintiff complaint without prejudice.

Hubbard, 262 F.3d at 1195 (emphasis added).

Congress's intent in enacting the PLRA to taper prisoner litigation, Plaintiffs must be forced

to think twice about the merits of this action before they can proceed IFP by being solely

responsible for their own filing fees. Thus, Plaintiffs are not allowed to proceed IFP with co-

plaintiffs, who may shoulder some of the filing fee. Simply put, any attempt by Plaintiffs to

proceed IFP as co-plaintiffs in a single action violates the requirement of the PLRA that each

prisoner pay the full filing fee.

Furthermore, it should be noted that "it is plain error to permit [an] imprisoned

litigant who is unassisted by counsel to represent his fellow inmates in a class action."

Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Massimo v. Henderson,

468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's

complaint seeking relief on behalf of fellow inmates).[2]  As the Fourth Circuit has aptly

observed,

> An individual unquestionably has the right to litigate his own claims in
> federal court, before both the district and appellate courts . . . . The right to
> litigate for oneself, however, does not create a coordinate right to litigate for
> others. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)
> (holding that a pro se prisoner may not litigate the interests of other prisoners
> in class action).  The reasoning behind this rule is two-fold:  it protects the
> rights of those before the court, see id. ("the competence of a layman
> [litigating for] himself [is] clearly too limited to allow him to risk the rights
> of others"), and jealously guards the judiciary's authority to govern those who
> practice in its courtrooms, see Collinsgru v. Palmyra Bd. of Educ., 161 F.3d
> 225, 231 (3d Cir. 1998) ("Requiring a minimum level of competence protects
> not only the [client] but also his or her adversaries and the court from poorly
> drafted, inarticulate, and vexatious claims.").

Myers v. Loudoun County Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005).  Simply put, *pro se*

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the
Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit
handed down prior to October 1, 1981.

Plaintiffs proceeding IFP shall not be permitted to bring a class action on behalf of other prisoners. Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of a class action brought by a *pro se* litigant proceeding IFP).

### III. CONCLUSION

In accordance with the procedure affirmed by the Eleventh Circuit, the Court **REPORTS** and **RECOMMENDS** that the above-captioned case be **DISMISSED** without prejudice, that this civil action be **CLOSED**, and that the Clerk be **DIRECTED** to file and docket the instant complaint, and the respective motions to proceed IFP and affidavits filed by Plaintiffs, in three new lawsuits with three separate case numbers.

SO REPORTED and RECOMMENDED this 20th day of November, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE