ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 DEC 19 P 12: 49

CLERK McCarthy

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PAUL TYNER; BRIAN PATRICK MALVERDI d/b/a Brian P. Malverty; BRADFORD LEE BAGLEY; and THE ENTIRE CLASS OF SIMILARLY SITUATED PLAINTIFFS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 307-075 |
| JAMES DONALD, Commissioner; MR. WASHINGTON, Warden; MS. COOPER, Prison Guard; MS. MCCLAUGHLIN, Prison Guard; MS. THOMLIN, Prison Guard; MS. AKINS, Prison Guard; MS. DIXON, Prison Guard; MS. MIMMS, Prison Guard; MS. FULMORE, Prison Guard; MS. MADDOX, Prison Guard; MS. EVANS, Prison Guard; and THE GEORGIA DEPARTMENT OF CORRECTIONS, and their rules and regulations, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 9).

On November 11, 2007, the Magistrate Judge recommended that the above-captioned case be dismissed without prejudice so that Plaintiffs may pursue their claims individually.[1] (Doc. no. 7). As the Magistrate Judge explained, the Prison Litigation Reform Act ("PLRA") does not permit multiple prisoners to bring complaints in a single lawsuit and plaintiff's proceeding IFP are not allowed to bring class actions on behalf of other prisoners. (Id. at 2-5). Plaintiffs' objections state, "the [PLRA] does not suspend nor supersede [Federal Rule of Civil Procedure 20]."[2] (Doc. no. 9, p. 2). Plaintiffs maintain that the criteria set forth in Federal Rule 20 has been established in this case, and thus, the Court should allow Plaintiffs to proceed jointly. (Id. at 2-3). According to Plaintiffs, Congress never intended for Plaintiffs proceeding jointly or as a class to pay separate filing fees, and to require them to pay separate filing fees "would constitute a flagrant and egregious 'miscarriage of justice!'"

---

[1]Specifically, the Magistrate Judge recommended that the Clerk of the Court be directed to file and docket the above-captioned complaint, along with the respective motions to proceed *in forma pauperis* ("IFP") and affidavits filed by Plaintiffs, in three new lawsuits with three separate case numbers. (Doc. no. 7).

[2]Federal Rule of Civil Procedure ("Federal Rule") 20 states in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Fed. R. Civ. P. 20(a).

(Id. at 3). As such, Plaintiffs' objections take issue with the portion of the R&R recommending that each Plaintiff pay the full filing fee. (See id. at 3-4 (requesting that the Court allow Plaintiffs to proceed jointly and "under one filing fee of [$]350.00" because Plaintiffs cannot afford to pay separate filing fees)).

Plaintiff's objections are without merit. As the Magistrate Judge correctly explained, the Eleventh Circuit Court of Appeals has considered the issue of whether the PLRA permits multi-plaintiff IFP civil actions and has determined that the PLRA "clearly and unabiguously" requires that each prisoner proceeding IFP pay the full filing fee. (Doc. no. 7, pp. 2-3 (citing Hubbard v. Haley, 262 F.2d 1194 (2001)). In Hubbard, the plaintiffs also contended that the district court improperly interpreted the PLRA to alter liberal joinder standards set forth in Federal Rule 20 and that the PLRA should be read harmoniously with Federal Rule 20 so that indigent prisoners could participate in multi-plaintiff actions. Hubbard, 262 F.3d at 1197. Having considered the plaintiff's argument, the Eleventh Circuit affirmed the district court's dismissal of the multi-plaintiff IFP action. Id. at 1198. As such, Plaintiff's contention that the PLRA neither suspends nor supersedes Federal Rule 20 is without merit.

Similarly, Plaintiffs' contention that Congress never intended for Plaintiffs proceeding jointly or as a class to pay separate filing fees is also without merit. As the Magistrate Judge again correctly explained, *pro se* prisoner litigants cannot commence class actions on behalf of other prisoners. (Doc. no. 7, pp. 4-5 (citing Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir. 2005) (*per curiam*))). Furthermore, the Eleventh Circuit has determined that the intent of Congress in promulgating the PLRA was to curtail abusive

3

prisoner litigation and that the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee. (Id. at 2-4 (citing Hubbard, 262 F.3d at 1196-98)). As such, Plaintiffs' argument concerning Congressional intent is also without merit.

Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the above-captioned case is **DISMISSED** without prejudice, this civil action is **CLOSED**, and the Clerk of the Court is **DIRECTED** to file and docket the instant complaint, and the respective motions to proceed IFP and affidavits filed by Plaintiffs, in three new lawsuits with three separate case numbers.

SO ORDERED this 19TH day of December, 2007, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4